IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-23204-CIV-MORENO
MAGISTRATE JUDGE SIMONTON

MARGARET L. BROWN, an individual,

    Plaintiff,

vs.

GC SERVICES LIMITED PARTNERSHIP,
a Delaware limited partnership,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiff, Margaret L. Brown, an individual, sues Defendant, GC Services Limited. Partnership, a Delaware limited partnership, and alleges:

*INTRODUCTION*

1. This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statutes §559.55, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

*JURISDICTION*

2. Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C.§ 1367.

*ALLEGATIONS AS TO PARTIES*

3. Plaintiff, Margaret L. Brown ("Ms. Brown") is *sui juris* and a resident of Miami-

Dade County, Florida.

4. Defendant, GC Services Limited Partnership ("GC Services"), is a Delaware limited partnership doing business in Broward County, Florida.

5. GC Services is properly subject to jurisdiction in the State of Florida and venue in this District pursuant to the Florida Long-Arm Jurisdiction Statute through the causation of injury in this state caused by acts or omissions outside the state.

## *FACTUAL ALLEGATIONS*

6. Several years prior to the filing of the instant action, Ms. Brown obtained an open-ended credit account, known more commonly as a "charge account" ("Charge Account") for personal and household purposes through Card Processing Center ("CPC").

7. As a result of *inter alia* a change in employment, Ms. Brown became delinquent in the payment of several of her household bills, including the Charge Account.

8. At some unknown time in the past, CPC retained the services of Defendant for the purpose of collecting monies purportedly due under the Charge Account.

9. Subsequent to the retention of GC Services, commencing in October, 2007, CPC, through its agents, employees, and/or representatives acting within the scope of their employment and the authority of CPC, began a pattern of conduct reasonably calculated to harass, threaten or coerce Ms. Brown into paying the Charge Account.

10. On about October 10, 2007, an employee of GC Services initiated a communication with the neighbor of Ms. Brown, to wit: Inez Smith ("Ms. Smith"), in Miami-Dade County, Florida.

11. On the above date, an employee of GC Services using the trade name or alias of

-2-

"Joe Harris" ("Mr. Harris"), telephoned Ms. Smith.

12. After identifying himself, "Mr. Harris" falsely represented to Ms. Smith that he had been attempting to contact Plaintiff and that he would like Ms. Smith to tell Ms. Brown that Ms. Brown should immediately call him at 866-556-7103.

13. The communication by GC Services to the neighbor of Ms. Brown was not for the purpose of locating Ms. Brown. Rather, the communication was part of an unfair, deceptive and unconscionable collection practice designed to prompt Ms. Brown to pay the purported debt in order to avoid further embarrassment before her neighbors and others.

14. Pursuant to the request of "Mr. Harris," Ms. Smith delivered the message to Ms. Brown.

15. After receiving the message from her neighbor, Ms. Brown immediately telephoned "Mr. Harris" as she had no idea whatsoever as to the purpose of the telephone call by "Mr. Harris."

16. After learning that the purpose of the telephone call concerned a debt, Ms. Brown became extremely upset and demanded that "Mr. Harris" not call her neighbor again.

17. In her initial telephone call to "Mr. Harris," Ms. Brown was using a portable cordless phone which had poor reception. Accordingly, Ms. Brown informed "Mr. Harris" that she needed to change phones and that she would call "Mr. Harris" back momentarily.

18. Before Ms. Brown could call "Mr. Harris" a second time, "Mr. Harris" left the following two messages on the answering machine at the residence of Ms. Brown:

> Message #1: Margaret Brown - hey you just called in now, don't calling my office hanging up on us, alright?

      Message #2:   Margaret Brown, I don't appreciate you hanging up on me so I'm gonna contact their work, I'm gonna contact Frank, I'm gonna contact Tanya and I'm gonna contact Toya. Let 'em all know about your business along with Mrs. Smith next door. You have a good day Ms. Brown.

19. The representation that GC Services would contact Ms. Smith and other third parties concerning the Charge Account was a false and deceptive threat by Defendant to suggest or imply that the Defendant had the legal right to make third party contact concerning the collection of the debt when Defendant did not have the legal right to make such third party communications under federal and state law.

## COUNT I - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.*)

20. This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA")

21. Ms. Brown realleges and reaffirms the allegations contained in Paragraphs 1 through 19 above as if set forth hereat in full.

22. At all times material hereto, Ms. Brown was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

23. At all times material hereto, CPC was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

24. At all times material hereto, the Charge Account was a "debt" as said term is defined under 15 U.S.C. §1692a(5)

25. At all times material hereto, GC Services was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

26. As more particularly described above, Defendant has violated the FDCPA in that Defendant has:

(a) communicated with a person other than Ms. Brown in a manner which violated the requirements of 15 U.S.C. §1692b, in that Defendant did not have the purpose of acquiring location information about Ms. Brown as a consumer and failed to limit the communication to the disclosures set forth in 15 U.S.C. §1692b(1);

(b) communicated with third parties without the prior consent of Ms. Brown in connection with the collection of a debt in contravention of 15 U.S.C. §1692c(b);

(c) engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692d;

(d) used false, deceptive or misleading representations or means in connection with the collection of a debt in contravention of 15 U.S.C. §1692e;

(e) used false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692e(10);

(f) threatened to take any action that could not legally be taken or that is not intended to be taken in contravention of §1692e(5);

(g) used unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f; and

(h) failed to disclose in the initial oral communication with Ms. Brown that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose, and the failure to disclose in subsequent communications that the communication

was from a debt collector in contravention of 15 U.S.C.§1692e(11).

27. As a direct and proximate result of the violation of the FDCPA by GC Services, Ms. Brown has been damaged. The damages of Ms. Brown include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

28. Pursuant to 15 U.S.C. §1692k, Ms. Brown is entitled to recover actual damages together with statutory damages of $1,000.00, together with court costs and reasonable attorneys fees.

29. Ms. Brown has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Margaret L. Brown, an individual, demands judgment against Defendant, GC Services Limited. Partnership, a Delaware limited partnership, for damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT II - ACTION FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

30. This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

31. Ms. Brown realleges and reaffirms the allegations contained in Paragraphs 1 through 19 above as if set forth hereat in full.

32. At all times material hereto, the Charge Account constituted a "debt" or "consumer debt" as said terms are defined under Florida Statutes §559.55(1).

33. At all times material hereto, Ms. Brown was a "debtor" or "consumer debtor" as

said terms are defined under Florida Statutes §559.55(2).

34. At all times material hereto, CPC was a "creditor" as said term is defined under Florida Statutes §559.55(3).

35. At all times material hereto, Defendant was a "debt collector" as said term is defined under Florida Statutes §559.55(6).

36. As more particularly described above, Defendant has violated the FCCPA in that Defendant has:

(a) Willfully engaged in conduct which reasonably can be expected to abuse or harass Ms. Brown or a member of her family, in contravention of Florida Statutes §559.72(7);

(b) Used willfully abusive language in communicating with Ms. Brown as a consumer in contravention of Florida Statutes §559.72(8); and

(c) Asserted the existence of a legal right when such person knows the right does not exist, in contravention of Florida Statutes §559.72(9).

37. As a direct and proximate result of the violation of the FCCPA by GC Services, Ms. Brown has been damaged. The damages of Ms. Brown include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

38. Ms. Brown has retained the undersigned law firm to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

39. Pursuant to Florida Statute §559.77, Ms. Brown is entitled to recover actual and punitive damages together with statutory damages of $1,000.00, together with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Margaret L. Brown, an individual, demands judgment for

actual, punitive and statutory damages against Defendant, GC Services Limited Partnership, a Delaware limited partnership, together with interest, costs and attorneys pursuant to Florida Statutes §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff, Margaret L. Brown, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax
E-mail: rphyu@aol.com

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
Margaret L. Brown, an individual

**DEFENDANTS**
GC Services Limited Partnership, a Delaware limited partnership

07-23204 CIV-MORENO
MAGISTRATE JUDGE SIMONTON

**(b)** County of Residence of First Listed Plaintiff: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert W. Murphy, Esquire
1212 SE 2nd Avenue
Ft. Lauderdale, FL 33316; Telephone: (954) 763-8660

Attorneys (If Known)
07CV 23204-FAM/AMS

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury - Med. Malpractice | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury - Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 320 Assault, Libel & Slander | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 330 Federal Employers' Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 340 Marine | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 345 Marine Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 350 Motor Vehicle | | ☐ 863 DIWC/DIWW (405(g)) | ☑ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 355 Motor Vehicle Product Liability | **PERSONAL PROPERTY** | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 360 Other Personal Injury | ☐ 370 Other Fraud | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | **CIVIL RIGHTS** | ☐ 371 Truth in Lending | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 441 Voting | ☐ 380 Other Personal Property Damage | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 442 Employment | ☐ 385 Property Damage Product Liability | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 443 Housing/ Accommodations | **PRISONER PETITIONS** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 444 Welfare | ☐ 510 Motions to Vacate Sentence | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 445 Amer. w/Disabilities - Employment | **Habeas Corpus:** | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 530 General | | |
| | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | |
| | | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 740 Railway Labor Act | | |
| | | ☐ 790 Other Labor Litigation | | |
| | | ☐ 791 Empl. Ret. Inc. Security Act | | |
| | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ☑ NO     b) Related Cases ☐ YES ☑ NO
JUDGE _____     DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Violation of 15 U.S.C. §1692 et sequi (Fair Debt Collection Practices Act)
LENGTH OF TRIAL via __2__ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD          DATE 12/05/07

FOR OFFICE USE ONLY
AMOUNT 350     RECEIPT # 541745